UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK ANTHONY JEWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.: 2:18-cv-01258-RDP-SGC |
| | ) |
| JEFF DUNN, et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This case is before the court on Mark Anthony Jewell's ("Jewell") petition for writ of habeas corpus, filed on August 8, 2018 (*see* Doc. 1), and the Magistrate Judge's Report and Recommendation that the petition be denied. After careful review, the court concludes, over Petitioner's objections, that the Magistrate Judge's report is due to be adopted.

**I.     Background**

On June 19, 2015, Jewell was convicted in Pickens County Circuit Court of (1) first degree sodomy of a child under 12 years of age, (2) first degree rape of a child under 12 years of age, (3) enticing a child for immoral purposes, and (4) two counts of sexual abuse of a child less than 12 years of age. (Doc. 4-1 at 46; Doc. 4-2 at 152-57). On August 7, 2015, Jewell was sentenced to 50 years for the first degree sodomy, life without parole for first degree rape, five years for enticing a child for immoral purposes, 15 years as to the first count of sexual abuse of a child under 12 years of age, and 10 years for the second count of sexual abuse of a child under 12 years of age. (*See* Doc. 4-3 at 207-09). The sentences were ordered to run consecutively. (Doc. 4-6 at 625).

On November 12, 2015, Jewell appealed his convictions (*see* Doc. 4-6 at 55), arguing that the trial court (1) violated his rights to be present during the giving of additional jury instructions,

(2) erred in denying his motion for judgment of acquittal, (3) abused its discretion regarding the examination of the State's witnesses, and (4) failed to properly instruct the jury concerning the admission of out-of-court statements and the assessment of child witnesses. (*See* Doc. 4-7). On May 27, 2016, the Alabama Court of Criminal Appeals affirmed Jewell's convictions. (Doc. 1 at 3; Doc. 4-6 at 51-53). On September 16, 2016, the Alabama Supreme Court denied Jewell's Petition for Writ of Certiorari without opinion and a certificate of judgment was issued. (Doc. 4-10).

On June 8, 2017, Jewell filed a petition under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. 4-11 at 4-9). Jewell alleged that newly discovered evidence required his convictions to be vacated. He also asserted that he received ineffective assistance of counsel because his counsel failed to present expert testimony, failed to adequately present a defense, and failed to adequately prepare for trial. (*Id.*). On August 21, 2017, the Pickens County Circuit Court issued an order dismissing Jewell's petition. (Doc. 4-11 at 25-26). Jewell appealed this decision, and on February 2, 2018, the Alabama Court of Criminal Appeals denied the petition. (Doc. 4-14). On June 8, 2018, the Alabama Supreme Court denied Jewell's petition. (Doc. 4-15).

**II.     Analysis**

On August 8, 2018, Jewell filed this habeas action, largely presenting the same arguments regarding newly discovered evidence and ineffective assistance of counsel. (Doc. 1). On November 1, 2019, the Magistrate Judge filed a report recommending the petition be dismissed with prejudice. (Doc. 7). Jewell filed timely objections. (Doc. 8).

Jewell argues the Magistrate Judge disregarded his ineffective assistance of counsel claims and failed to acknowledge new evidence that implicated constitutional violations. (*Id.* at 1, 4). The court analyzes each of these claims, in turn. Because the Alabama Court of Criminal Appeals

addressed these claims on the merits in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, --- U.S. ---, 138 S. Ct. 1188, 1192 (2018).

### A. Jewell Has Failed to Establish Ineffective Assistance of Counsel

The Supreme Court has recognized a two-part test for determining whether a defendant has presented a valid claim for ineffective assistance of counsel: (1) whether the defendant can show that counsel's representation fell below an objective standard of reasonableness; and (2) whether the defendant can show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

Jewell claims his counsel was ineffective in three respects. First, Jewell contends that his state trial counsel failed to ask his son, Mark Jr., "about the specific date of the alleged misconduct." (Doc. 8 at 6). This failure, Jewell claims, amounts to deficient representation. Jewell asserts that if Mark Jr. would have been effectively questioned, he would have testified that Jewell was not at home on one of the days the inappropriate sexual conduct occurred. (*Id.* at 2). Jewell also states that on another occasion, Mark Jr. would have testified that he did not see "any inappropriate contact." (Doc. 1 at 7-8; Doc. 8 at 2).

Second, Jewell contends that trial counsel should have subpoenaed Jewell's work records, which allegedly would show that Jewell was at work every day the inappropriate conduct occurred. (Doc. 8 at 2).

Third, Jewell contends that his trial counsel should have called a forensic expert to testify that the victims' hymens were still intact, and this "evidence" would have "discredited and disregarded the accusations" that he forcibly raped the children. (*Id.* at 3).

3

The court concludes that Jewell's claim for ineffective assistance of counsel is without merit.

### 1. Mark Jr.'s Affidavit

Jewell's first argument is based on Mark Jr.'s affidavit. (Doc. 1 at 6). Mark Jr. testified at Jewell's trial. Well after the trial, he executed an affidavit. (*Id.*). The relevant portion of the affidavit reads as follows:

> We had towards the right front of the yard one trampoline. But after Dad married A, we got another one. The first one came from Uncle Josh, and the second came from Mr. Glendon, about a month or so after the boat-a-thon. They married 5 days before the 2013 boat a thon. A got mad because Dad kissed her on the forehead, after eating a lot of habanero peppers. He ate peppers as his routine for the competition. A got mad and got her kids T, M, and S, and went to Mr. Chris McCool's house because they were to stay with him (Mr. Chris) while he was at the boat a thon. Dad went outside checking a pipe, finishing his peppers, but took a nap later. Pawpaw came and picked me and B up to stay for a week or so. They left (A and her kids) before Dad started drinking.

(Doc. 4-11 at 11).[1]

Jewell contends that this affidavit is critical in establishing that he did not engage in inappropriate sexual conduct with a minor because he was not at home on one of the days in question. However, Jewell mischaracterizes Mark Jr.'s affidavit, and in any event the court concludes it does not support Jewell's contention that his trial counsel's representation fell below an objective standard of reasonableness.

Nothing in Mark Jr.'s affidavit refutes any trial testimony other than his own.[2] Counsel's "failure" to predict that Mark Jr. may contradict his own trial testimony two years after the trial

---

[1] Consistent with the state court's approach, the court makes reference to the minor victims and Jewell's then-wife by their initials.

[2] At trial, Mark Jr. testified he was not at home on the day in question—*i,e.*, the day before to the boat-a-thon. (Doc. 4-5 at 488).

does not show that counsel's representation at trial was objectively unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). And, even if trial counsel had elicited from Mark Jr. a different version of events at trial, the trial evidence, including the testimony of multiple other witnesses, supported Jewell's convictions.

While Mark Jr.'s affidavit certainly contradicts his own trial testimony, this contradiction, by itself, simply does not support Jewell's interpretation of the events that took place on the day in question, and it certainly does not establish that a different outcome would have occurred at trial. This is particularly true given the other trial evidence about Jewell's conduct. Thus, Jewell cannot demonstrate that his trial counsel's representation fell below an objective standard of reasonableness and, further, he cannot show he was prejudiced by such an alleged "failure."

### 2. Employment Records

As to Jewell's second argument, the court concludes there is nothing in the record to suggest that Jewell's trial counsel's "failure" to subpoena his employment records caused counsel's representation to fall below an objective standard of reasonableness. Jewell's bare assertion of what his work records would have shown had they been subpoenaed is not evidence of the contents of those records.[3] Merely arguing trial counsel could have done something more fails to establish ineffective assistance of counsel under *Strickland*. *See Lee v. United States*, 582 U.S. ---, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland*, 466 U.S. at 688, 692) (holding that to demonstrate constitutionally ineffective assistance of counsel, a petitioner "must show that counsel's representation 'fell below an objective standard of reasonableness' and that he was prejudiced as a result"); *Waters v. Thomas*, 46 F.3d 1506, 1514 (11th Cir. 1995) ("The widespread use of the tactic of attacking trial counsel by showing what 'might have been' proves that nothing

---

[3] The court notes that Mark Jr. testified at trial that his father worked Monday through Friday and sometimes on weekends. (Doc. 4-5 at 488). Thus, the jury heard testimony about Jewell's work schedule.

is clearer than hindsight – except perhaps the rule that we will not judge trial counsel's performance through hindsight.").

In addition, because the Alabama Court of Criminal Appeals addressed these claims on their merits, Jewell must show that its determination denying relief on these claims was unreasonable. *See Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Specifically, the Alabama Court of Criminal Appeals held:

> Jewell failed to . . . plead the specific information his work records would show. Additionally, Jewell failed to plead that he had made trial counsel aware of this information. "Trial counsel's performance cannot be deemed ineffective for failing to locate alibi witnesses whose existence was not brought to his attention." *Broadnax v. State*, 130 So.3d 1232, 1258 (Ala. Crim. App. 2013) (*quoting Adkins v. State*, 280 Ga. 761, 762 (2006)).

(Doc. 4-14 at 7). Jewell has failed to demonstrate how this holding is unreasonable. He also has failed to show how his work records would have changed the outcome of his trial. Even if he worked on a particular date, that fact alone does not mean that Jewell did not (or could not) commit the acts described on those dates.

In short, Jewell's mere assertion that he worked on unspecified days at unspecified times does not support his ineffective assistance of counsel claim, particularly given the fact that he has not specifically alleged that he informed his trial counsel of what he contends to be "exculpating" facts.

### 3. Forensic Expert

Finally, Jewell contends that his trial counsel was ineffective in failing to offer forensic expert testimony. Even more specifically, Jewell objects to the Magistrate Judge's finding that he has failed to demonstrate that (1) any expert testimony would have changed the outcome of the trial, and (2) there was no prejudice based on trial counsel's failure to call an expert witness. (Doc.

8 at 3). Jewell asserts he was convicted of "forcible rape," which requires sexual intercourse.[4] (*Id.*). He claims his trial counsel should have called an expert witness to testify as to whether the five-year-old victim showed signs of vaginal penetration. (*Id.*). The Alabama Court of Criminal Appeals found this claim insufficiently pleaded. (Doc. 4-14 at 8). Specifically, that court held as follows:

> Jewell failed to plead the name of an expert who would have been available to testify . . . and, more significantly, failed to plead that his victim's hymen is, in fact, still intact. Moreover, Jewell failed to explain the significance of this speculative evidence given that an intact hymen would not foreclose the possibility that Jewell had penetrated his victim's vagina with his penis. *See e.g.*, *Seales v. State*, 581 So.2d 1192, 1197 (Ala. 1991).

(*Id.*).

Jewell has not demonstrated that this holding by the Alabama Court of Criminal Appeals was unreasonable, nor that his trial counsel acted in an objectively unreasonable manner by not calling an expert to testify. Jewell contends that "[i]f expert testimony were presented establishing that the physical evidence is inconsistent with vaginal penetration, the jury would have discredited and disregarded the accusations of . . . Jewell's accusers as it would have been virtually impossible for those acts to occur and not leave any physical trace thereof."[5] (Doc. 8 at 3-4). But, Jewell has not presented any evidence in support of this speculative argument. For example, he has offered nothing to demonstrate that an expert was available to testify, nothing to say what the expected content of that testimony would have been, and nothing to support a finding that, even if this evidence was available, it would have created a reasonable probability the outcome of the trial

---

[4] Alabama Code § 13A-6-61(3)(a) states, "A person commits the crime of rape in the first degree if he or she does any of the following . . . (3) Being 16 years or older, engages in sexual intercourse with another person who is less than 12 years old." Force is not an element of this crime.

[5] The latter part of Jewell's assertion is simply not consistent with the trial evidence and jury's findings. *See Seales v. State*, 581 So. 2d 1192 (Ala. 1991).

7

would have been different. Without these types of evidence, Jewell is not entitled to any relief on this claim. *See e.g.*, *Johnson v. Alabama*, 256 F.3d 1156, 1187 (11th Cir. 2001) ("Johnson offers only speculation that the missing witnesses would have been helpful. This kind of speculation is 'insufficient to carry the burden of a habeas corpus petitioner.'" (*quoting Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985))).

Moreover, a claim of ineffective assistance based on the failure to consult and call an expert requires "evidence of what a scientific expert would have stated" at trial to establish *Strickland* prejudice. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citation omitted); *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). A habeas petitioner's unsupported and speculative assertion that testimony of an expert witness would have caused the jury to view the evidence differently is insufficient to establish prejudice, which is required to warrant habeas relief on a claim of ineffective assistance of counsel. *Duran v. Walker*, 223 F. App'x 865, 875 (11th Cir. 2007); *Reese v. United States*, 2018 WL 6495085, *9 (N.D. Ala. Nov. 15, 2018) (concluding that mere speculation about what an expert would provide favorable testimony fails to satisfy *Strickland*'s prejudice prong and will not sustain a claim of ineffective assistance of counsel).

Thus, Jewell's objections to the Magistrate Judge's conclusions as to his claim for ineffective assistance of counsel are each without merit.

### B. New Evidence Claim

Next, Jewell complains that the Magistrate Judge's conclusion that "Jewell identifies no clearly established federal law that was unreasonably applied by the state courts" is "inaccurate." (Doc. 8 at 4). He argues his son's affidavit establishes that "key prosecution witnesses committed perjury and offered false testimony." (*Id.*). But, the affidavit does no such thing. Again, the only trial testimony refuted by the affidavit is that of the affiant. Judging credibility of witnesses is

emphatically a function of the jury. *See, e.g.*, *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review. Federal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" (*quoting Marshall v. Lonberger*, 459 U.S. 422, 434 (1983))).

Even more importantly, the Alabama Court of Criminal Appeals determined Mark Jr.'s affidavit did not qualify as "new evidence." (Doc. 4-14 at 5). That conclusion is not unreasonable. But, even if the affidavit could be considered new evidence, as the Supreme Court has instructed, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings." *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002) (*quoting Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Therefore, Jewell's objection based on new evidence is also without merit.

### C. Conclusion

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the petitioner's objections, the court concludes that the Magistrate Judge's report is due to be adopted and her recommendation accepted. Jewell's objections are due to be overruled, and the petition for writ of habeas corpus is due to be denied and dismissed with prejudice. Further, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be denied. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a)*, Rules Governing § 2254 Proceedings*.

An Order consistent with this Memorandum Opinion will be entered.

9

**DONE** and **ORDERED** this December 20, 2019.

                                            _____
                                            **R. DAVID PROCTOR**
                                            UNITED STATES DISTRICT JUDGE